## STATE OF CONNECTICUT *v.* XAVIER RIVERA
### (AC 24082)

Lavery, C. J., and Schaller and Stoughton, Js.

Argued January 10—officially released October 25, 2005

*Alexander H. Schwartz*, special public defender, with whom, on the brief, was *Irene M. Patalano*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Xavier Rivera, appeals from the judgment of conviction, rendered after a jury trial, of conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a (a). On appeal, the defendant claims that the trial court improperly instructed the jury on the conspiracy to commit murder charge by failing to define properly the essential elements of the crime.[1] We reverse, in part, the judgment of the trial court.

The defendant and four others, Sigfredo DeJesus, Kelvin Sanchez, Wilfredo Fernandez and Jose Vasquez, each were charged in a substitute information with the murder of Cesar Rivera in violation of General Statutes § 53a-54a (a), attempt to commit the murder of Luis Romero in violation of General Statutes §§ 53a-49 and 53a-54a (a), conspiracy to commit murder in violation of §§ 53a-48 and 53a-54a (a), and conspiracy to attempt to commit murder in violation of General Statutes §§ 53a-48, 53a-49 and 53a-54a (a). The cases were joined, and all five defendants were tried together.[2] The jury

[1] The defendant also claims that the court improperly enlarged the conspiracy to commit murder charge by instructing the jury on that charge in a manner that permitted it to convict him of an offense with which he was not charged. In addition, the defendant claims that the court improperly admitted a witness' prior written statement as redacted by the state in violation of his rights to confrontation and to present a defense under the sixth and fourteenth amendments to the United States constitution. Because we conclude that reversal is required on different grounds, we need not address those issues.

[2] The court subsequently acquitted Vasquez of all counts, and acquitted Sanchez and Fernandez of the first and second counts. The court also dismissed the fourth count against all the defendants because it is not a recognized crime in Connecticut. The jury found DeJesus guilty of attempt to commit murder and conspiracy to commit murder. The jury also found

found the defendant guilty of conspiracy to commit murder and attempt to commit murder.[3]

The underlying factual context from which the state's charges against the defendant stemmed are set forth in the companion case of *State* v. *DeJesus*, 92 Conn. App. 92, 93–94, 883 A.2d 813 (2005), released on the same date as this opinion. The defendant's specific claim— that the court's instruction on the conspiracy to commit murder charge failed to properly define an essential element of the offense because it did not identify the victim, Cesar Rivera, as the person who was alleged to be the intended object of the conspiracy—was fully addressed in *DeJesus*. In that decision, we concluded that the conspiracy to commit murder charge was limited to an alleged conspiracy to murder Cesar Rivera and, therefore, the court should have instructed the jury that the state was required to prove that the defendant intended to cause the death of Cesar Rivera. That decision is dispositive of the defendant's claim in this case.

The judgment is reversed only as to the conviction of conspiracy to commit murder and the case is remanded for a new trial as to that count only. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

Sanchez guilty of conspiracy to commit murder. After the jury failed to reach a verdict as to Fernandez, the court declared a mistrial.

[3] The defendant conceded at oral argument that he was challenging only his conviction of conspiracy to commit murder.