## STATE OF CONNECTICUT *v.* XAVIER RIVERA
## (SC 17574)

Rogers, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued May 16—officially released June 26, 2007

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Cornelius P. Kelly,* senior assistant state's attorney, for the appellant (state).

*Alexander H. Schwartz*, special public defender, for the appellee (defendant).

Opinion

PER CURIAM. The defendant, Xavier Rivera, was convicted, after a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-49[1] and 53a-54a (a)[2] and conspiracy to commit murder in violation of General Statutes §§ 53a-48[3] and 53a-54a (a). The trial court rendered judgment in accordance with the verdict. The defendant appealed to the Appellate Court, which reversed the trial court's judgment of conviction of conspiracy to commit murder. *State* v. *Rivera*, 92 Conn. App. 110, 112, 883 A.2d 1257 (2005). We granted the state's petition for certification to appeal from the judgment of the Appellate Court limited to the following issue: "Whether the Appellate Court properly held that the trial court's charge on conspiracy was deficient because it did not set forth an essential element, the object of the conspiracy?" *State* v. *Rivera*, 276 Conn. 929, 889 A.2d 819 (2005). We conclude that certification was improvidently granted and dismiss the appeal.

The factual background of this case is set forth in the Appellate Court's opinion in the companion case

---

[1] General Statutes § 53a-49 (a) provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[3] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

of *State* v. *DeJesus*, 92 Conn. App. 92, 93–97, 883 A.2d 813 (2005). The defendant was charged in a four count information with the murder of Cesar Rivera (Rivera) (count one), the attempted murder of Luis Romero (count two), conspiracy to commit murder (count three) and conspiracy to attempt to commit murder (count four).[4] *State* v. *Rivera*, supra, 92 Conn. App. 111. Following the close of the state's case-in-chief, the defendant filed a motion for judgment of acquittal as to all counts. *State* v. *DeJesus*, supra, 99. During the arguments on that motion, the defendant also argued that count four should be dismissed because it did not charge a crime recognized in this state. Id. The state ultimately conceded that count four should be dismissed and sought to amend count three to add Romero's name as the intended victim. Id., 99–100. The court stated that it would not allow the request because to do so would constitute a substantial change. Id., 100. The trial court then granted the defendant's motion for judgment of acquittal as to count four. Id., 100 n.8. Thereafter, the state filed a substitute information

---

[4] "The state also charged [Sigfredo DeJesus], Kelvin Sanchez, Wilfredo Fernandez and Jose Vasquez with the same counts. The cases were joined and all five defendants were tried together." *State* v. *DeJesus*, supra, 92 Conn. App. 94. "The court subsequently acquitted Vasquez of all counts, and acquitted Sanchez and Fernandez of the first and second counts. The court also dismissed the fourth count against all the defendants. The jury found [DeJesus] guilty of attempt to commit murder and conspiracy to commit murder. The jury also found Sanchez guilty of conspiracy to commit murder. After the jury failed to reach a verdict as to Fernandez, the court declared a mistrial." Id., 94 n.2. Sanchez and DeJesus appealed to the Appellate Court from the judgments of conviction of conspiracy to commit murder, and the Appellate Court reversed the judgments. See *State* v. *Sanchez*, 92 Conn. App. 112, 122, 884 A.2d 1 (2005); *State* v. *DeJesus*, supra, 92 Conn. App. 109. We granted the state's petition for certification to appeal in both cases. *State* v. *Sanchez*, 276 Conn. 932, 933, 890 A.2d 573 (2005); *State* v. *DeJesus*, 276 Conn. 929, 930, 889 A.2d 818 (2005). In the companion cases of *State* v. *Sanchez*, 282 Conn. 787, 790, 924 A.2d 844 (2007), and *State* v. *DeJesus*, 282 Conn. 783, 786, 928 A.2d 533 (2007), which were released on the same date as this opinion, we dismissed the appeals on the ground that certification improvidently had been granted.

charging the defendant with murder (count one), attempt to commit murder (count two) and conspiracy to commit murder (count three). Id., 100. In its instructions to the jury on the third count, the trial court did not identify Rivera specifically as the alleged intended victim of the conspiracy. Id.

Following the judgment of conviction on the charges of attempt to commit murder and conspiracy to commit murder,[5] the defendant appealed to the Appellate Court raising the unpreserved claim that the trial court improperly had failed to instruct the jury that, to convict him of the conspiracy charge, it was required to find that Rivera had been the intended victim of the conspiracy. *State* v. *Rivera*, supra, 92 Conn. App. 111–12. The Appellate Court concluded that the case was controlled by its decision in *State* v. *DeJesus*, supra, 92 Conn. App. 107–109, in which it had reviewed the claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and had concluded that "the conspiracy to commit murder charge was limited to an alleged conspiracy to murder . . . Rivera and, therefore, the court should have instructed the jury that the state was required to prove that the defendant intended to cause the death of . . . Rivera." *State* v. *Rivera*, supra, 112. Accordingly, the Appellate Court reversed the judgment of conviction of conspiracy to commit murder and remanded the case for a new trial on that count. Id.

This certified appeal followed. The state claims on appeal that the Appellate Court improperly concluded that the trial court improperly had failed to instruct the jury that it must find that Rivera had been the intended victim of the conspiracy in order to convict the defendant of conspiracy to commit murder. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined

---

[5] The jury rendered a verdict of not guilty on the murder charge.

that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.