STATE OF CONNECTICUT *v.* SIGFREDO DEJESUS
(SC 17576)

Rogers, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued May 16—officially released June 26, 2007

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Cornelius P. Kelly,* senior assistant state's attorney, for the appellant (state).

*Adele V. Patterson,* assistant public defender, for the appellee (defendant).

PER CURIAM. The defendant, Sigfredo DeJesus, was convicted, after a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-49[1] and 53a-54a (a)[2] and conspiracy to commit murder in violation of General Statutes §§ 53a-48[3] and 53a-54a (a). The trial court rendered judgment in accordance with the verdict. The defendant appealed to the Appellate Court, which reversed the trial court's judgment of conviction of conspiracy to commit murder. *State* v. *DeJesus*, 92 Conn. App. 92, 109, 883 A.2d 813 (2005). We granted the state's petition for certification to appeal from the judgment of the Appellate Court limited to the following issue: "Whether the Appellate Court properly held that the trial court's charge on conspiracy was deficient because it did not set forth an essential element, the object of the conspiracy?" *State* v. *DeJesus*, 276 Conn. 929, 930, 889 A.2d 818 (2005). We conclude that certification was improvidently granted and dismiss the appeal.

The factual background of this case is set forth in *State* v. *DeJesus*, supra, 92 Conn. App. 93–97. The defendant was charged in a four count information with the murder of Cesar Rivera (count one), the attempted mur-

---

[1] General Statutes § 53a-49 (a) provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[3] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

der of Luis Romero (count two), conspiracy to commit murder (count three) and " 'conspiracy to attempted commit murder' " (count four).[4] Id., 98–99. Following the close of the state's case-in-chief, the defendant filed a motion for judgment of acquittal as to all four counts. Id., 99. During the arguments on that motion, the defendant argued that count four should be dismissed because it did not charge a crime recognized in this state. Id. The state ultimately conceded that count four should be dismissed and sought to amend count three to add Romero's name as the intended victim. Id., 99–100. The court stated that it would not allow the request because to do so would constitute a substantial change. Id., 100. The trial court then granted the defendant's motion for acquittal as to count four. Id., 100 n.8. Thereafter, the state filed a substitute information charging the defendant with murder (count one), attempted murder (count two) and conspiracy to commit murder (count three). Id., 100. In its instructions to the jury on the third count, the trial court did not identify Rivera

[4] "The state also charged Xavier Rivera, Kelvin Sanchez, Wilfredo Fernandez and Jose Vasquez with the same counts. The cases were joined and all five defendants were tried together." State v. DeJesus, supra, 92 Conn. App. 94. "The court subsequently acquitted Vasquez of all counts, and acquitted Sanchez and Fernandez of the first and second counts. The court also dismissed the fourth count against all the defendants. The jury found Rivera guilty of attempt to commit murder and conspiracy to commit murder. The jury also found Sanchez guilty of conspiracy to commit murder. After the jury failed to reach a verdict as to Fernandez, the court declared a mistrial." Id., 94 n.2. Sanchez and Rivera appealed to the Appellate Court from the judgments of conviction of conspiracy to commit murder, and the Appellate Court reversed the judgments. See State v. Sanchez, 92 Conn. App. 112, 122, 884 A.2d 1 (2005); State v. Rivera, 92 Conn. App. 110, 112, 883 A.2d 1257 (2005). We granted the state's petition for certification to appeal in both cases. State v. Sanchez, 276 Conn. 932, 933, 890 A.2d 573 (2005); State v. Rivera, 276 Conn. 929, 889 A.2d 819 (2005). In the companion cases of State v. Sanchez, 282 Conn. 787, 790, 924 A.2d 844 (2007), and State v. Rivera, 282 Conn. 779, 782–83, 928 A.2d 531 (2007), which were released on the same date as this opinion, we dismissed the appeals on the ground that certification improvidently had been granted.

specifically as the alleged intended victim of the conspiracy. Id.

Following the judgment of conviction on the charges of attempt to commit murder and conspiracy to commit murder,[5] the defendant appealed to the Appellate Court, raising an unpreserved claim that the trial court improperly had failed to instruct the jury that, to convict him of conspiracy to commit murder, it was required to find that Rivera had been the intended victim of the conspiracy. Id., 102–103. The Appellate Court reviewed the claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and concluded that, because "the symmetrical structure of the state's initial four count information demonstrates that the third count charged only a conspiracy to murder . . . Rivera"; *State* v. *DeJesus*, supra, 92 Conn. App. 104; the trial court's failure "to instruct the jury that the state was required to prove that the defendant had the intent to cause the death of . . . Rivera was the equivalent of omitting an essential element from the charge." Id., 109. Accordingly, the Appellate Court reversed the judgment of conviction of conspiracy to commit murder and remanded the case for a new trial on that count only. Id.

This certified appeal followed. The state claims on appeal that the Appellate Court improperly concluded that the trial court improperly had failed to instruct the jury that it must find that Rivera had been the intended victim of the conspiracy in order to convict the defendant of conspiracy to commit murder. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[5] The jury rendered a verdict of not guilty on the murder charge.