## STATE OF CONNECTICUT *v.* KELVIN SANCHEZ
### (SC 17584)

Rogers, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued May 16—officially released June 26, 2007

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Cornelius P. Kelly,* senior assistant state's attorney, for the appellant (state).

*Pamela S. Nagy,* special public defender, for the appellee (defendant).

*Opinion*

PER CURIAM. The defendant, Kelvin Sanchez, was convicted, after a jury trial, of conspiracy to commit

murder in violation of General Statutes §§ 53a-48[1] and 53a-54a (a)[2] and the trial court rendered judgment in accordance with the verdict. The defendant appealed to the Appellate Court, which reversed the judgment of the trial court. *State* v. *Sanchez*, 92 Conn. App. 112, 122, 884 A.2d 1 (2005). We granted the state's petition for certification to appeal from the judgment of the Appellate Court limited to the following issue: "Whether the Appellate Court properly held that the trial court's charge on conspiracy was deficient because it did not set forth an essential element, the object of the conspiracy?" *State* v. *Sanchez*, 276 Conn. 932, 933, 890 A.2d 573 (2005). We conclude that certification was improvidently granted and dismiss the appeal.

The factual background of this case is set forth in the Appellate Court's opinion in the companion case of *State* v. *DeJesus*, 92 Conn. App. 92, 93–97, 883 A.2d 813 (2005). The defendant was charged in a four count information with the murder of Cesar Rivera (count one), the attempted murder of Luis Romero (count two), conspiracy to commit murder (count three) and conspiracy to attempt to commit murder (count four).[3]

[1] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[3] "The state also charged Xavier Rivera, [Sigfredo DeJesus], Wilfredo Fernandez and Jose Vasquez with the same counts. The cases were joined and all five defendants were tried together." *State* v. *DeJesus*, supra, 92 Conn. App. 94. "The court subsequently acquitted Vasquez of all counts, and acquitted . . . Fernandez of the first and second counts. The court also dismissed the fourth count against all the defendants. The jury found Rivera [and DeJesus] guilty of attempt to commit murder and conspiracy to commit murder. . . . After the jury failed to reach a verdict as to Fernandez, the court declared a mistrial." Id., 94 n.2. DeJesus and Rivera appealed to the Appellate Court from the judgments of conviction of conspiracy to commit murder, and the Appellate Court reversed the judgments. See id., 109; *State*

*State* v. *Sanchez*, supra, 92 Conn. App. 114. Following the close of the state's case-in-chief, the defendant filed a motion for judgment of acquittal as to all counts. Id., 118 n.4. During the arguments on that motion, the defendant argued that count four should be dismissed because it did not charge a crime recognized in this state. See *State* v. *DeJesus*, supra, 99. The state ultimately conceded that count four should be dismissed and sought to amend count three to add Romero's name as the intended victim. Id., 99–100. The court stated that it would not allow the request because to do so would constitute a substantial change. Id., 100. The trial court then granted the defendant's motion for acquittal as to counts one, two and four. Id., 100 n.8. Thereafter, the state filed a substitute information charging the defendant with a single count of conspiracy to commit murder. In its instructions to the jury, the trial court did not specifically identify Rivera as the alleged intended victim of the conspiracy. Id., 100.

Following the judgment of conviction on the charge of conspiracy to commit murder, the defendant appealed to the Appellate Court claiming that the evidence was insufficient to support his conviction; *State* v. *Sanchez*, supra, 92 Conn. App. 117–22; and raising the unpreserved claim that the trial court improperly had failed to instruct the jury that, to convict him of the charge, it was required to find that Rivera had been the intended victim of the conspiracy. Id., 122. The Appellate Court rejected the defendant's insufficiency

v. *Rivera*, 92 Conn. App. 110, 112, 883 A.2d 1257 (2005). We granted the state's petition for certification to appeal in both cases. *State* v. *DeJesus*, 276 Conn. 929, 930, 889 A.2d 818 (2005); *State* v. *Rivera*, 276 Conn. 929, 889 A.2d 819 (2005). In the companion cases of *State* v. *DeJesus*, 282 Conn. 783, 786, 928 A.2d 533 (2007), and *State* v. *Rivera*, 282 Conn. 779, 782–83, 928 A.2d 531 (2007), which were released on the same date as this opinion, we dismissed the appeals on the ground that certification improvidently had been granted.

claim.[4] Id. With respect to the second claim, the court concluded that the case was controlled by its decision in *State* v. *DeJesus*, supra, 92 Conn. App. 107–109, in which it had reviewed the claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and had concluded that "the conspiracy to commit murder charge was limited to an alleged conspiracy to murder . . . Rivera and, therefore, the court should have instructed the jury that the state was required to prove that the defendant intended to cause the death of . . . Rivera." *State* v. *Sanchez*, supra, 122. Accordingly, the Appellate Court reversed the judgment of conviction and remanded the case for a new trial. Id.

This certified appeal followed. The state claims on appeal that the Appellate Court improperly concluded that the trial court improperly had failed to instruct the jury that it must find that Rivera had been the intended victim of the conspiracy in order to convict the defendant of conspiracy to commit murder. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[4] The Appellate Court addressed the defendant's sufficiency of evidence claim, even though it was reversing the judgment on the basis of instructional error, because that claim, " 'if successful, would necessitate the entry of a judgment of acquittal . . . .' " *State* v. *Sanchez*, supra, 92 Conn. App. 118 n.3, quoting *State* v. *Murray*, 254 Conn. 472, 478, 757 A.2d 578 (2000). The defendant does not challenge the Appellate Court's conclusion that the evidence was sufficient to support the conviction in the present appeal.